Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 0 6 2015

David J. Bradley, Clerk of Court

IN THE UNITED STATES SOUTHERN

DISTRICT COURT OF TEXAS

CASE NO.

RICHARD STALONS,
PLAINTIFF
v.

UNIQUE BUILDERS & DEVELOPMENT, INC., ET AL.,
DOES 1 THRU 5
DEFENDANT(S)

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES,
AND OTHER STATUTORY RELIEF

PURSUANT TO

TELEPHONE CONSUMER PROTECTION ACT
(47 U.S.C. 227 Et. Seq.),

AND

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, RICHARD STALONS, individually, hereby sues Defendant(s), UNIQUE BUILDERS & DEVELOPMENT, INC., for violations of the Telephone Consumer Protection Act (T.C.P.A.) Sec. 227., 47 U.S.C. 227(b)(1), 47 U.S.C. 227(a)(iii).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant(s) for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 U.S.C. 227(b)(1), 47 U.S.C. 227(a) (iii).

2. Plaintiff contends that the record verifies Defendant(s) has violated Federal laws by "*willful*" and "*deliberate*" acts in repeated attempts to solicit and create a business relationship, without Plaintiff's voluntarily, expressed consent, when no previously business relationship or contract ever existed.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) in this District that Plaintiff is domiciled and the Defendant(s) transacts business here, which the alleged unlawful conduct complained of, had occurred.

6. This federal civil action is for *statutory* damages, exceeding $9,500.00.

## PARTIES

7. At all times relevant, Plaintiff 'RICHARD STALONS' is an individual domiciled in the State of Texas. Plaintiff is, and at all times mentioned herein as a *"person"* as defined by 1 U.S.C. 1, and 47 U.S.C. 153(39).

8. At all times relevant, upon information and belief, Defendant "UNIQUE BUILDERS & DEVELOPMENT, INC.", mentioned herein as, *"the company"* and a *"person"*, as defined by 1 U.S.C. 1, and 47 U.S.C. 153(39).

9. "UNIQUE BUILDERS & DEVELOPMENT, INC.", mentioned herein as a Domestic For-Profit Corporation Company with an "in existence" status, tax ID no. 32038237106. Registered agent (7/21/12) is Shraga Zitman, president.

10. The Defendant, ""UNIQUE BUILDERS & DEVELOPMENT, INC." et al, primary physical location listed as, 5300 N. Braeswood Blvd. #4-223, Houston, TX 77069 and secondary address as 5320 Gulfton St. Houston, TX 77081.

11. Does 1 thru 5 are individuals whose identities are currently unknown to Plaintiff. One or more of these individuals may be joined as parties once their identities are disclosed through discovery.

## FEDERAL QUESTION

12. Did Defendant(s) violate Federal law, under specific sections of 47 U.S.C. 227, known as the "Telephone Consumer Protection Act" ?

PREAMBLE

13. Plaintiff files this action, 'pro se, since he is not trained in law.

14. Plaintiff enters into the record, competent and substantive evidence as to his 'proof of claim', Fed. R. Evid. Rule 902 - Evidence That Is Self-Authenticating, to certify all allegations, accompanied by sworn affidavits and exhibits.

15. This is an action for damages and injunctive relief brought by Plaintiff against Defendants' for willful violations of the Telephone Consumer Protection Act (T.C.P.A.) Sec. 227, 47 U.S.C. 227(b)(1), 47 U.S.C. 227(a)(iii) .

16. Defendant(s) clearly displayed repeated "willful" and "deliberate" acts [the elements of "willful" and "deliberate" acts has been established, as defined by the federal courts] in contacting Plaintiff's home phone, utilizing deceptive trade practices which violated federal laws in receiving nineteen (19) separate, unsolicited telephone calls in attempting to solicit a business relationship, when no such relationship or contract ever existed and without Plaintiff's consent.

17. Plaintiff attempted to amicably resolve this matter and 'in good faith', on four (4) separate occasions, including: 1) "Demand & Notice to Respond", 2) "Notice of Default", 3) "Default" and 4) "Final Notice - intent to litigate", with Defendant(s), prior to filing this federal civil action without success. Notice of legal responsibility is "the first essential of due process of law". A court proceeding is not a requirement of due process yet satisfies the due process clause. EXHIBIT "1","2","3","4".

## GENERAL ALLEGATIONS

18. At all times relevant to this action Defendant(s), through its respondeat superiors, Shraga and Steve Zitman as President(s), and agents or contractors, participates in, controls, or possesses the authority to control and possess knowledge of all material acts and practices complained of.

19. At all times, relevant to this action, Defendant(s) engages in solicitation of home improvement and construction services, through their agents/vendors.

20. On February 17, 2012, Plaintiff's home phone (281) 251- 6675, was originally registered on the National "DO NOT CALL" list verified by F.T.C.'s registry.

21. At first glance, Plaintiff alleged only four (4) unauthorized calls. Upon further review and investigation of his Comcast records, a total of nineteen (19) unauthorized calls were verified and now entered in the evidence record.

22. On March 13, 2014 at 3:36 P.M., CST, Plaintiff received the first, (1 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

23. On April 21, 2014 at 1:48 P.M., CST, Plaintiff received the second, (2 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

24. On May 2, 2014 at 11:59 A.M., CST, Plaintiff received the third, (3 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

25. On May 5, 2014 at 12:35 P.M., CST, Plaintiff received the fourth, (4 of 19) unsolicited telephone call from (713)234-5283 to his home.

26. On May 7, 2014 at 12:37 P.M., CST, Plaintiff received the fifth, (5 of 19) unsolicited telephone call from (713)234-5283 to his home.

27. On May 9, 2014 at 12:38 P.M., CST, Plaintiff received the sixth, (6 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

28. On May 13, 2014 at 10:11 A.M., CST, Plaintiff received the seventh, (7 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

29. A family member, "DJ", answered the seventh (7th) unsolicited call and spoke to a telemarketer identified as "*Roy*" as attested by sworn affidavit.

30. On May 15, 2014 at 11:09 A.M., CST, Plaintiff received the eighth, (8 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

31. A family member, "DJ", answered the ninth (9th) unsolicited call and spoke to a telemarketer identified as "*Cindy*" as attested by sworn affidavit.

32. On May 21, 2014 at 3:49 P.M., CST, Plaintiff received the ninth, (9 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

33. A family member, "DJ", answered the ninth (9th) unsolicited call and spoke to a telemarketer identified as "*Cindy*" as attested by sworn affidavit.

34. On May 22, 2014 at 3:16 P.M., CST, Plaintiff received the tenth, (10 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

35. On May 23, 2014 at 10:22 A.M., CST, Plaintiff received the eleventh, (11 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

36. On May 28, 2014 at 9:55 A.M., CST, Plaintiff received the twelfth, (12 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

37. On May 30, 2014 at 10:15 A.M., CST, Plaintiff received the thirteenth, (13 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

38. On June 5, 2014 at 10:14 A.M., CST, Plaintiff received the fourteenth, (14 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

39. On June 7, 2014 at 12:24 P.M., CST, Plaintiff received the fifteenth, (15 of 19) unsolicited telephone call from (713)234-5283 to his home phone.

40. On June 11, 2014 at 10:39.32 A.M., CST, Plaintiff received the sixteenth, (16 of 19) unsolicited telephone call from (281)888-2205 to his home phone.

41. On June 11, 2014 at 10:39.39 A.M., CST, Plaintiff received the seventeenth, (17 of 19) unsolicited telephone call from (281)888-2205 to his home phone.

42. On June 23, 2014 at 4:43 P.M., CST, Plaintiff received the eighteenth, (18 of 19) unsolicited telephone call from (281)888-2205 to his home phone.

43. A family member, "DJ", answered the eighteenth (18th) unsolicited call and spoke to a telemarketer identified as "*Gwen*" as attested by sworn affidavit.

44. On July 28, 2014 at 4:43 P.M., CST, Plaintiff received the nineteenth, (19 of 19) unsolicited telephone call from (281)888-2205 to his home phone.

45. A family member, "DJ", answered the nineteenth (19th) unsolicited call and spoke to a telemarketer identified as "*Alissa*" as attested by sworn affidavit.

46. A Family member, "DJ", possessing firsthand knowledge [*Fed. R. Evid. Rule 602*] enters a sworn affidavit, and willing to testify under oath. **Exhibit "5".**

47. Plaintiff never provided any type of *"expressed consent"* allowing Defendant(s) to leave prerecorded messages within the meaning of 47 U.S.C. 227(b)(1)(A).

48. No prior or existing business relationship existed between Plaintiff and Defendant(s), prior to their unauthorized, intrusive telemarketing calls.

49. Defendant(s) did not make any telephone calls to Plaintiff's home phone *"for emergency purposes"* utilizing an "automatic telephone dialing system," as described in 47 U.S.C. 227(b)(1)(A).

50. Upon belief and information, Plaintiff contends the Defendant(s) were *'willfully'* and *'deliberately'* negligent in their required duty in *scrubbing* their telemarketing lists against the National *"Do Not Call List"*, prior to.

51. Plaintiff enters a sworn affidavit attesting to factual allegations. **Exhibit "6".**

52. Plaintiff moves this court to take judicial notice, Fed. R. Evid. Rule 201(c)(2), of the complaint, factual allegations and exhibits entered as true and resolve any ambiguities or doubts about the sufficiency of the claim in favor of the Plaintiff.

53. Summary judgment should be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law.

COUNT I - TELEPHONE COMMUNICATIONS ACT, (47 U.S.C. 227)

54. Plaintiff alleges and incorporates the information in paragraphs 1 through 50.

55. The TCPA makes it unlawful for any *'person'* within the United States . . . *to make any call using any automatic telephone dialing system or an artificial or prerecorded voice* pursuant to 47 U.S.C. 227(b)(1)(A)(iii).

56. Defendant(s) repeatedly demonstrated *"willful"* and *"deliberate"* acts of non-compliance under 47 U.S.C. 227(b)(1)(A) by using an automatic telephone dialing system to call Plaintiff's home phone on nineteen (19) separate occasions. **EXHIBIT "7"**

57. Defendant(s) had *"willfully"* and *"deliberately"* committed nineteen (19) separate violations of 47 U.S.C. 227(b)(1)(A) which Plaintiff is entitled to damages of $500 for the first call and $1500 for each call thereafter (18) (discretionary) per violation pursuant to 47 U.S.C. 227(b)(3)(B) since Telemarketing calls is one of the most invasive practices which has been defined as an *obnoxious* and *unwanted intrusion into the privacy* of a consumer's home.

WHEREFORE, Plaintiff moves this honorable Court to grant the following relief:

The Defendant(s) has demonstrated repeated 'willful' and 'deliberate' acts in direct violation of 47 U.S.C. 227(b)(1).

1. Adjudging that Defendant(s) violated the TCPA 47 U.S.C. 227;

2. Award Plaintiff *statutory* damages pursuant to 47 U.S.C. 227(b)(3)(B)(C) of $500 for the first call and treble damages of $1500 for each call thereafter (18) made as clearly shown to be *"willful"* and *"deliberate"* acts as established;

3. Award Plaintiff any fees and costs incurred in this civil action;

4. Award Plaintiff any post-judgment interest as allowed under the law;

5. Award Injunctive relief prohibiting Defendant(s) such acts in the future;

6. Award of all attorneys' fees and costs for Plaintiff;

7. Such other monetary award as the Court deems just and proper

   (a) By protecting the public from unethical conduct;

   (b) Sufficient to punish the violations;

   (c) Severe enough to deter others prone to commit similar violations;

8. Award such other and further relief as the Court may deem just and proper;

9. Demand for Jury Trial for all counts so treble as a matter of law;

RICHARD STALONS, Plaintiff,
all rights reserved without recourse or prejudice.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this exhibit appendix was furnished to the U.S. District Court for the Southern District of Texas, P.O. Box 61010, Houston, TX, 77208 and Defendant, Unique Builders and Development, Inc. 5300 N. Braeswood Blvd 4-223, Houston, TX, 77096 by U.S. Postal Mail on this 4th day of March, 2015.


By: RICHARD STALONS, PLAINTIFF


## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this appendix complies with type style and font requirements.


By: RICHARD STALONS, PLAINTIFF

Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379

# IN THE UNITED STATES SOUTHERN

# DISTRICT COURT OF TEXAS

## CASE NO.

### RICHARD STALONS,
### PLAINTIFF
### v.

### UNIQUE BUILDERS & DEVELOPMENT, INC., ET AL.,
### DOES 1 THRU 5
### DEFENDANT(S)

## APPENDIX – EXHIBITS

# TABLE OF CONTENTS

I.    EXHIBIT "1", "2", "3", "4".........................................................Pg. 4

II.   EXHIBIT "5" …..............................................................…...Pg. 8

III.  EXHIBIT "6"…...........................…...............................…......Pg. 8

IV.   EXHIBIT "7"…...........................................................…Pg. 9

I, Richard Stalons, hereby certify the copies of exhibits entered, is a complete and

true copy of the original documents.

By: _____

    RICHARD STALONS, PLAINTIFF


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this exhibit appendix was furnished to the
U.S. District Court for the Southern District of Texas, P.O. Box 61010, Houston,
TX, 77208 and Defendant, Unique Builders and Development, Inc. 5300 N.
Braeswood Blvd 4-223, Houston, TX, 77096 by U.S. Postal Mail on this 3rd day
of March, 2015.


By: RICHARD STALONS, PLAINTIFF


CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this appendix complies with type style and font
requirements.


By: RICHARD STALONS, PLAINTIFF

Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379

October 2, 2014

RE: Federal violations (4) of Telephone Consumer Protection Act
   First '*Demand and Notice to Respond*'
   Pursuant to Respondeat Superior Law[1] - *"let the superior reply".*

Mr. Zitman:

This matter is regarding numerous violations of the Telephone Consumer Protection Act (TCPA) (excluding violations of similar Texas state laws) committed by your specific employees. In a case of unsolicited telemarketing solicitation is identified as an *obnoxious* and *unwanted intrusion into the privacy* of a consumer's home. *Edenfeld v. Fane*, 507 U.S. 761, 769 (1993).

On February 17, 2012, our home phone was officially registered on the National "*Do Not Call*" list. I had received four (4) documented and unauthorized telephone solicitations by your agents and/or employees between May 15, 2014 and July 28, 2014, as shown by verified records. Unauthorized calls originated from (281)888-2205 and (713)263-8138.

- On May 15th, 2014, I received an unauthorized telephone call by an employee named "*Cindy*".
- On May 21st, 2014, I received an unauthorized telephone call by an employee named "*Cindy*".
- On June 23rd, 2014, I received an unauthorized telephone call by an employee named "*Cindy*".
- On July 28th, 2014, I received an unauthorized telephone call by an employee named "*Alisa*".

This matter hinders on one essential question of law, "*did you, via your agents, violate federal law under the Telephone Consumer Protection Act (TCPA) and possibly other state laws*"? Unequivocally and without any doubt, they did. I can enter competent and substantive evidence as 'proof of claim' to validate all allegations, accompanied by a sworn affidavit and exhibits.

---

[1] [1] *It is used to describe the legal relationship between an employer and employee for purposes of determining an employer's liability for acts of an employee. An employee and employer relationship is determined based upon the amount of control the employer exercises over the service provide by the employee. An employer will be liable for acts of an employee committed while within the scope of employment. Such liability attaching to an employer due to acts of an employee is called vicarious liability.*

The purpose of this *first* "Demand and Notice to Respond" official correspondence is to resolve this matter amicably prior to filing a federal civil action. To simply remove my telephone number from your telemarketing list will not be sufficient as a remedy.

In summary, damages are defined under the T.C.P.A. are:

a)  Up to" $500 per violation for DNC violations, (first call)

b)  Up to $1,500 per violation if found to be *willful* (two or more calls, as in this case)
    (Even unanswered calls shows the caller *intended* to call the Plaintiff's telephone number.)

c)  Injunctive relief against future violations.

Telemarketing Calls to registered numbers on the F.T.C. "Do-Not-Call" list are strictly prohibited pursuant to 47 USC 227. The Sixth Circuit Court of Appeals has held that damages may be stacked on top of the TCPA 227, which a consumer has the right to sue, up to $3000.00 per call for violations of telephone prohibitions and the DNC provisions. *Charvat v NMP, LLC*, 656 F. 3d 440 (6th Cir. 2011). In Connecticut's "mini-TCPA" statute provides for statutory damages up to $20,000 per violation, Public Act 14-53 (October 1, 2014).

The federal courts may award treble the damages award if the defendant's violations were committed "*willfully or knowingly.*" Under 47 U.S.C. 227(b)(3), the courts have interpreted willfulness to imply only that an action was intentional. *Smith v. Wade*, 461 U.S. 30, 41 n.8 (1983). Trebling damages is the standard set forth in 47 USC 312 F, (f) "Willful" and "repeated" defined as (1) *The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.*(2) The term "*repeated*" in reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

Treble damages does not require any malicious or unjustifiable conduct, but rather is satisfied by merely '*knowing*' conduct. *Alea London Ltd.*, 638 F.3d at. 776. In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "*willfully*" means that "*the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute.*" 47 U.S.C.227(b)(3).

Under the Communications Act of 1943, of which the TCPA is a part, defines *"willful"* as "*conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation.*"

Furthermore, the prevailing party is also entitled to reasonable attorney's fees and court including time spent on the case and his/her costs incurred for all the motions, hearings, and appeals plus a reasonable legal fee for the hours actually spent on the case. I reserve the right to appoint an attorney at any time.

Failure to respond *timely* and accurately after twenty calendar days, a Notice of Non-Compliance will be issued against you, with the opportunity to cure within three (3) business days. Any non-response will be issued against all parties and/or its agents satisfying all requirements and remedies. Your silence, whether intentional or not, will constitute and be deemed as full acknowledgment, consent, approval, agreement and a waiver of all future adverse claims against me, as Plaintiff. Your silence is your acquiescence and documented endorsement. 32 Am Jur 2d 253 - *Silence is Considered an Admission of Guilt in Civil Matters, Admissions by silence* 19 Am. Jur., *Estoppel* 34 (pg. 634). By the parties' silence, it is deemed as agreed upon.

Your willful failure to respond with particularity and detail, by known facts that can be supported by evidence, as stipulated in this first "Notice and Demand to Respond" by you, in your 'respondeat superior' capacity is your lawful, binding agreement with admission to the assumed facts that everything in this notice is factual, true, correct, lawful and binding upon you, in any court, anywhere in America, without protest, rebuttal or objection at a later time. Any response by vagueness will be deemed as unanswered. Your silence is your acquiescence.

Tacit Procuration Clause. You, as the Defendant, fail to respond timely then *estoppel by tacit procuration* shall apply without rebuttal, contestation, or repudiation at a later time to all statements and claims made by me, as Plaintiff. Any vague, non-descriptive statements will be deemed as unanswered. Silence is considered an admission of guilt in civil matters. Admissions by silence 32 AmJur 2d 253.

Conclusion

To resolve this matter in it's entirely, my initial settlement request is $5,000.

1. Waiver of any future litigation for state violations (separate litigation action);
2. Waiver of filing a formal complaint to Texas Attorney General;
3. Waiver of filing a formal complaint to F.C.C./F.T.C;
4. Waiver of any participation of any possible future class action(s) against U.B.& D, Inc.
5. Waive posting any public complaints, message boards or blogs;
   (BBB, "RipOffreport.com", Better Business Bureau, etc.)

Should I prevail which I am confident that I will, based on the existing evidence, I would be entitled all reasonable attorney's fees, court costs, filings fees and associated miscellaneous costs incurred. I also reserve the right to appoint an attorney at any time. These costs, *supra*, do not reflect the additional costs for depositions of specific parties and witnesses, costs associated with jury selection, and costs for a separate state civil action. Should this matter remain unresolved or non-negotiable, I shall demand a trial by jury.

I strongly feel that it is in your best interest for us to settle this matter prior to filing a federal civil action. You have twenty (20) calendar days to respond timely.

Thanking you in advance for your anticipated cooperation in this matter.

Respectfully Submitted,

Richard Stalons

## CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of the foregoing has been furnished to the above named parties, by U.S. certified mail service of this 2nd day of October, 2014

—————————————————————

Unique Builders & Development, Inc., 5300 N Braeswood Blvd, Houston, TX 77096 Attn: Steve Zitman, CEO. Delivered 10/4/14 – cert. mail delivery #70133020000067583568

**EXHIBIT**
**" 2 "**

Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379
RE: Actual, constructive legal notice: (3) three days to cure
Federal violations (18) of Telephone Consumer Protection Act

October 28, 2014

Mr. Zitman:

On October 2, 2014, I had previously sent to you an actual and constructive *"Demand and Notice to Respond"* by U.S. postal mail, certified receipt no. #70133020000067583568 and was delivered on October 4, 2014. As stated in your reply that requested "proof of claim" which was provided to you verifying eighteen (18) separate federal violations of the TCPA (state claims omitted).

My initial notice, *supra*, required a timely response on your behalf, should you elect to settle this matter out of court. As of today, I have not received an official response to settle this matter. This letter is my last response and serves as a *"Notice of Default"* with a *"three (3) day opportunity to cure"* before filing a federal action.

I strongly feel that it's in your best interest to settle this matter prior to filing my federal complaint. This last notice 'to cure' allows three (3) calendar days plus five (5) days mailing time to respond timely. As you are well aware of, should this matter proceed into civil litigation, your expected litigation costs could dramatically increase verses settling this matter out of court.

TCPA applies to any and all telemarketers and/or debt collectors. Some states have their own penalties in addition to the Federal penalties. Connecticut recently pass law that awards up to $20,000.00 per violation, Kansas allows up to $7,500.00 per violation, and Georgia allows $10,000.00 for violations against the elderly (60 years or greater) with the possibility of treble penalty. For example, for TCPA violations, *Papa Johns* paid $16.5 million, *Best Buy Co. Inc.* paid $4.5 million and *Capitol One,* paid $75.5 million.

By verified telephone records and witness testimony, you and your agents have eighteen (18) documented TCPA violations ($500 first call and $1,500 thereafter, totaling $26,000), not including state violations, court costs and attorney's fees.  Of course, these costs do not reflect the expenses of the court reporters, taking of depositions and jury selection, etc, should we get to that point.

This matter pivots on one solitary question - did you and your agents violate T.C.P.A.?
Without any doubt, and as a matter of law, they most certainly did.
*ignorantia juris non excusat* ; ignorance of the law excuses not

If you wish to tender a settlement offer, and if agreed upon, I will consider this matter is concluded with all finality. I will wait for your timely response. You can contact me by email, rstalons@comcast.net for your official response. If I do not receive any response from you within the stated time frame listed herein, this civil action will be filed within the next 30-60 days. This is your last opportunity to resolve this matter amicably. Please govern yourself accordingly.

Thanking you in advance for your anticipated cooperation in this matter.


Respectfully Submitted,


Richard Stalons


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the above named parties, by U.S. postal certified mail service of this 28th day of October, 2014

*Richard Stalons*

Certified mail receipt no. 7014 0150 0000 6971 2025

CC: Unique Builders & Development, Inc., 5300 N Braeswood Blvd, Houston, TX 77096 Attn: Steve Zitman

**EXHIBIT**
**" 3 "**

Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379

RE: Default
Federal violations (18) of Telephone Consumer Protection Act

November 7, 2014

Mr. Zitman:

On October 27, 2014, I had sent a second correspondence to your attention to resolve this matter, amicably. As of today's date, I have yet to receive any proof of prior consent given, a proposed resolution or a counter-offer to settle this matter out of court. If you wish to tender a settlement offer, and if agreed upon, I will consider this matter is concluded with all finality.

This is my third and final correspondence before filing a federal complaint against you and your company. I am requesting an official response within 48 hours from receipt of this third and final notice (not including weekends and holidays) regarding your decision to resolve this matter out of court or to proceed to trial. What is your final decision?

Secondly, should this matter(s) proceed to trial, who is the designated attorney of record in this federal matter?  State matter? Please provide the attorney(s) name and address for the completion of process of service. I assure you that this serious matter will not cease simply by your non-response or silence.

As stated previously, you can contact me by email, rstalons@comcast.net for your official response. If I do not receive an official response from you within the stated time frame listed herein, I will proceed in this civil action within the next 30-60 days. This is your third and final opportunity to resolve this matter cordially.

Thanking you in advance for your anticipated cooperation in this matter.


Respectfully Submitted,


Richard Stalons

### CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of the foregoing has been furnished to the above named parties, by U.S. postal mail service and fax, of this 7th day of November, 2014

*Richard Stalons*

Certified mail receipt no. 7014 0150 0000 6971 2032

CC: Unique Builders & Development, Inc., 5300 N Braeswood Blvd, Houston, TX 77096 Attn: Steve Zitman

EXHIBIT
" 4 "

Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379

February 5, 2015

Unique Builders & Development, Inc., Et Al.,
Steve and Shraga Zitman, President(s)
5300 N. Braeswood Blvd. #4-223, Houston, TX 77069
5320 Gulfton St. Houston, TX 77081
info@uniquebuilderstexas.com

FINAL NOTICE - INTENT TO LITIGATE

To whom it may concern:

This is being sent prior to filing suit, an opportunity to amicably cure against Unique Builders & Development, Inc. et al, for numerous (19) violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. 227(b)(3).

To date, I have received nineteen (19) verified unsolicited telemarketing calls to my home phone during the period of March 13, 2014 through July 23, 2014. All calls registered on Caller ID originated from two phone numbers (713)234-5283 and (281)888-2205 by various agents, received at my home phone (281) 251- 6675 which was registered on the National "*Do Not Call*" Registry on February 17, 2012.

I have previously sent three (3) official notices without success. This is my final attempt to settle this matter amicably without having to file suit. I am giving you ten (10) calendar days from receipt of this letter to take the opportunity to do so. If you chose not to settle the matters at hand then a federal civil action will commence promptly.

Due to my work restrictions of personal calls, you can contact a family member, "DJ", direct, at my home phone (281) 251- 6675 and/or email me at rstalons@comcast.net for negotiations. This phone number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Respectfully,

*Richard Stalons*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the above named parties, by U.S. postal mail service and fax, of this 15th day of January, 2015

_Richard Stalons_

Certified mail receipt no. 7014 0150 0000 6971 2056

EXHIBIT
" 5 "

1  Richard Stalons
2  6419 Saffron Hills Drive
3  Spring, TX 77379
4
5
6          IN THE UNITED STATES SOUTHERN
7            DISTRICT COURT OF TEXAS
8
9                  CASE NO.
10
11
12
13            RICHARD STALONS,
14               PLAINTIFF
15                  v.
16  UNIQUE BUILDERS & DEVELOPMENT, INC., ET AL.,
17            DOES 1 THRU 5
18            DEFENDANT(S)
19
20
21
22
23
24
25       SWORN DECLARATION AND AFFIDAVIT
26
27          OF FACTS BY WITNESS
28
29
30

KNOW ALL MEN BY THESE PRESENTS, D.J. MICHAELS, a witness for Plaintiff, enters into the evidence record pursuant to Federal Rules of Evidence, Rule 901; Rule 902(8)(10); Rule 1008 and being of age of majority, competent to testify with personal first-hand of matters, set forth these facts herein.

Sworn Affidavit of facts:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

UNIQUE BUILDERS & DEVELOPMENT, INC., ET AL., Does 1 thru 5 is referred as 'Defendant' herein.

1. I, D.J. Michaels, possessing first-hand knowledge, had personally answered four (4) unauthorized calls from "*UNIQUE BUILDERS & DEVELOPMENT, INC.*" on May 13th 2014, May 15th 2014, May 21st 2014 , June 23rd 2014, July 28th 2014 and is willing to testify under oath.

2. On May 13, 2014 at 3:49 P.M., CST, I answered an unsolicited call from (713)234-5283, and spoke to a telemarketer identified as "*Roy*" stating that he represents "*UNIQUE BUILDERS & DEVELOPMENT, INC., and we are in your neighborhood offering free quotes....*"

3. On May 15, 2014 at 11:09 A.M., CST, I answered an unsolicited call from (713)234-5283, *supra*, and spoke to a telemarketer identified as "*Cindy*" stating that she represents "*UNIQUE BUILDERS & DEVELOPMENT, INC.*"

4. On May 21, 2014 at 3:49 P.M., CST, I answered an unsolicited call from (713)234-5283, *supra*, and spoke to a telemarketer identified as "*Cindy*" stating that she represents "*UNIQUE BUILDERS & DEVELOPMENT, INC.*"

5. On June 23, 2014 at 4:43 P.M., CST, I answered an unsolicited call from (713)234-5283, *supra*, and spoke to a telemarketer identified as *"Gwen"* stating that she represents *"UNIQUE BUILDERS & DEVELOPMENT, INC."*

6. On July 28, 2014 at 4:43 P.M., CST, I answered an unsolicited call from (713)234-5283, *supra*, and spoke to a telemarketer identified as *"Alissa"* stating that she represents *"UNIQUE BUILDERS & DEVELOPMENT, INC."*

7. At no time, did I express any form of consent by allowing *"UNIQUE BUILDERS & DEVELOPMENT, INC."* to leave prerecorded messages, nor did I possess the authority to do so from the Stalons.

8. At no time, did I express or consent to, a request for solicitation allowing *"UNIQUE BUILDERS & DEVELOPMENT, INC."* to contact the Stalons regarding their business services at any time nor did I possess the authority to do so from the Stalons.

9. My sworn affidavit is based on my personal knowledge. The purpose of this requirement is to prevent the trial court from relying on hearsay as the basis for its decision and to ensure there is an admissible evidentiary basis for the claim or my position rather than mere belief or conjecture.


WHEREFORE, I, D.J. Michaels, affiant hereby declares under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*All of this affiant further sayth not,*


Executed this  3  day of  March  2015. Before and in front of two, sentient witnesses attest to the affiants' signature:

_____
D.J. Michaels, Affiant
All Rights reserved without prejudice or recourse


_____              _____
Witness no. 1                                    Witness no. 2
(Two witnesses are equivalent to a notary's attestation)

Page 3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this exhibit appendix was furnished to the U.S. District Court for the Southern District of Texas, P.O. Box 61010, Houston, TX, 77208 and Defendant, Unique Builders and Development, Inc. 5300 N. Braeswood Blvd 4-223, Houston, TX, 77096 by U.S. Postal Mail on this 4th day of March, 2015.

By: RICHARD STALONS, PLAINTIFF

CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this appendix complies with type style and font requirements.

By: RICHARD STALONS, PLAINTIFF

Richard Stalons
6419 Saffron Hills Drive
Spring, TX 77379


IN THE UNITED STATES SOUTHERN

DISTRICT COURT OF TEXAS


CASE NO.



RICHARD STALONS,
PLAINTIFF
v.

UNIQUE BUILDERS & DEVELOPMENT, INC., ET AL.,
DOES 1 THRU 5
DEFENDANT(S)


SWORN DECLARATION AND AFFIDAVIT OF FACTS

KNOW ALL MEN BY THESE PRESENTS, the Plaintiff, RICHARD STALONS enters into the evidence record pursuant to Federal Rules of Evidence, Rule 901; Rule 902(8)(10); Rule 1008 and being of age of majority, competent to testify with personal first-hand of matters, set forth these facts herein.

Sworn Affidavit of facts:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

UNIQUE BUILDERS & DEVELOPMENT, INC., ET AL., Does 1 thru 5 is referred as 'Defendant' herein.

1. My home phone number, is listed as (281) 251- 6675, was originally placed on the National "DO NOT CALL" Registry on February 17, 2012 as verified by the F.T.C.'s registry.

2. From my best belief, Defendant(s) engages in solicitation of home improvement and construction services, through their agents/vendors in the state of Texas.

3. Defendant had contacted my home phone, on nineteen (19) separate, occasions from March 13, 2014 to July 28, 2014, and without my expressed consent or permission, when no prior business relationship ever existed.

4. I never provided any type of *"expressed consent"* allowing Defendant to leave prerecorded messages.

5. I never expressed or consented to, a request for solicitation allowing Defendant to contact me regarding their business services at any time.

6. I never had an existing contract, agreement, indenture, covenant, promise or prior business relationship, contract, agreement, etc. with the Defendant.

7. Defendant did not make any telephone calls to my home phone "*for emergency purposes*" utilizing an "automatic telephone dialing system".

8. On March 13, 2014 at 3:36 P.M., CST, my home phone received the first, (1 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

9. On April 21, 2014 at 1:48 P.M., CST, my home phone received the second, (2 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

10. On May 2, 2014 at 11:59 A.M., CST, my home phone received the third, (3 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

11. On May 5, 2014 at 12:35 P.M., CST, my home phone received the fourth, (4 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

12. On May 7, 2014 at 12:37 P.M., CST, my home phone received the fifth, (5 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

13. On May 9, 2014 at 12:38 P.M., CST, my home phone received the sixth, (6 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

14. On May 13, 2014 at 10:11 A.M., CST, my home phone received the seventh, (7 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

15. On May 15, 2014 at 11:09 A.M., CST, my home phone received the eighth, (8 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

16. On May 21, 2014 at 3:49 P.M., CST, my home phone received the ninth, (9 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

17. On May 22, 2014 at 3:16 P.M., CST, my home phone received the tenth, (10 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

18. On May 23, 2014 at 10:22 A.M., CST, my home phone received the eleventh, (11 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

19. On May 28, 2014 at 9:55 A.M., CST, my home phone received the twelfth, (12 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

20. On May 30, 2014 at 10:15 A.M., CST, my home phone received the thirteenth, (13 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

21. On June 5, 2014 at 10:14 A.M., CST, my home phone received the fourteenth, (14 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

22. On June 7, 2014 at 12:24 P.M., CST, my home phone received the fifteenth, (15 of 19) unauthorized telephone call from (713)234-5283 as verified by Comcast records and by my caller ID.

23. On June 11, 2014 at 10:39.32 A.M., CST, my home phone received the sixteenth, (16 of 19) unauthorized telephone call from (281)888-2205 as verified by Comcast records and by my caller ID.

24. On June 11, 2014 at 10:39.39 A.M., CST, my home phone received the seventeenth, (17 of 19) unauthorized telephone call from (281)888-2205 as verified by Comcast records and by my caller ID.

25. On June 23, 2014 at 4:43 P.M., CST, My home phone received the eighteenth, (18 of 19) unauthorized telephone call from (281)888-2205 as verified by Comcast records and by my caller ID.

26. On July 28, 2014 at 4:43 P.M., CST, My home phone received the nineteenth, (19 of 19) unauthorized telephone call from (281)888-2205 as verified by Comcast records and by my caller ID.

27. A Family member, "DJ", explained to me, that he had personally answered unauthorized calls from Defendant on May 13th 2014, May 15th 2014, May 21st 2014 , June 23rd 2014, July 28th 2014 and is willing to testify under oath.

28. I attempted, '*in good faith*', to amicably resolve this matter on four (4) separate occasions, <u>prior to</u> filing this federal civil action, including:

    A) "*Demand & Notice to Respond*", by U.S. certified mail service receipt no. 70133020000067583568 on October 2, 2014, attn: Steve Zitman.

    B) "*Notice of Default - Three days to Cure*", U.S. certified mail receipt no. 70140150000069712025 on October 28, 2014. Attn: Steve Zitman.

    C) "*Default*", U.S. certified mail receipt no. 70140150000069712032 on November 7, 2014. Attn: Steve Zitman.

    D) "*Final Notice - intent to litigate*", U.S. certified mail receipt no. 70140150000069712056, February 5, 2015. Attn: Steve Zitman.

29. A letter dated on October 14, 2014, from Defendant requesting "*proof of claim*".

30. On October 28, 2014, I had promptly responded to Defendant's request [Mr. Zitman], for "*proof of claim*" in my second letter entitled "*Notice of Default - Three days to Cure*". I re-evaluated my Comcast records and personal notes, which conclusively verified nineteen (19) unauthorized telephone calls to my home phone number in direct violation to the Federal 'Telephone Consumer Protection Act'. A copy of each call was provided to Defendant except the latest call made on July 28th 2014 which additional records was ordered from Comcast and received on February 25, 2015.

31. In Defendant's letter, [October 14, 2014], stated, "*we take complaints like yours very seriously...*" yet Defendant failed to provide:

    A.) Any Proof of expressed consent;

    B.) Any Proof of a prior and/or existing contract;

    C.) Any Proof of a prior and/or existing business relationship;

    D.) A legitimate counter offer to administratively resolve this matter.

32. Defendant did not make any telephone calls to my home phone "*for emergency purposes*" utilizing an "automatic telephone dialing system".

33. As of today's date, I have not received any formal response to resolve this matter prior to filing a federal civil action.

34. To the best of my belief and understanding, I consider Defendant's acts were "*willfully*" and "*deliberate*" as previously defined by the federal courts.

35. I seek damages and injunctive relief against Defendant for federal violations of the Telephone Consumer Protection Act (T.C.P.A.) Sec. 227., 47 U.S.C. 227(b)(1), 47 U.S.C. 227(a) (iii). (state violations omitted).

36. My sworn affidavit is based on my personal knowledge. The purpose of this requirement is to prevent the trial court from relying on hearsay as the basis for its decision and to ensure there is an admissible evidentiary basis for the claim or my position rather than mere belief or conjecture.

WHEREFORE, I, Richard Stalons, affiant hereby declares under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*All of this affiant further sayth not,*

Executed this _3_ day of _March_ 2015. Before and in front of two, sentient witnesses attest to the affiants' signature:

_____

Richard Stalons, Affiant
All Rights reserved without prejudice or recourse

_____         _____
Witness no. 1                    Witness no. 2
(Two witnesses are equivalent to a notary's attestation)

Page 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this exhibit appendix was furnished to the U.S. District Court for the Southern District of Texas, P.O. Box 61010, Houston, TX, 77208 and Defendant, Unique Builders and Development, Inc. 5300 N. Braeswood Blvd 4-223, Houston, TX, 77096 by U.S. Postal Mail on this 4th day of March, 2015.

_____
By: RICHARD STALONS, PLAINTIFF


CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this appendix complies with type style and font requirements.

_____
By: RICHARD STALONS, PLAINTIFF

EXHIBIT "1"

## Terminating
### Start Date: 1-Aug-2012
### End Date: 14-Jul-2014
### Telephone Number: 2812516675
### Call Type: ALL
### LP#: 580768-70

| CALLDATE | CONNECTTIME | FROMNUMBER | TONUMBER | | |
|---|---|---|---|---|---|
| MAR-13-2014 | 15:36:16 | 7132345283 | 2812516675 | 1 | unique builders |
| APR-21-2014 | 13:48:39 | 7132345283 | 2812516675 | 2 | unique builders |
| MAY-02-2014 | 11:59:11 | 7132345283 | 2812516675 | 3 | unique builders |
| MAY-05-2014 | 12:35:12 | 7132345283 | 2812516675 | 4 | unique builders |
| MAY-07-2014 | 12:37:20 | 7132345283 | 2812516675 | 5 | unique builders |
| MAY-09-2014 | 12:38:58 | 7132345283 | 2812516675 | 6 | unique builders |
| MAY-13-2014 | 10:11:46 | 7132345283 | 2812516675 | 7 | unique builders |
| MAY-13-2014 | 11:09:26 | 7132345283 | 2812516675 | 8 | unique builders |
| MAY-15-2014 | 15:49:50 | 7132345283 | 2812516675 | 9 | unique builders |
| MAY-21-2014 | 15:16:28 | 7132345283 | 2812516675 | 10 | unique builders |
| MAY-22-2014 | 10:22:16 | 7132345283 | 2812516675 | 11 | unique builders |
| MAY-23-2014 | 9:55:48 | 7132345283 | 2812516675 | 12 | unique builders |
| MAY-28-2014 | 10:15:38 | 7132345283 | 2812516675 | 13 | unique builders |
| MAY-30-2014 | 10:14:56 | 7132345283 | 2812516675 | 14 | unique builders |
| JUN-05-2014 | 12:24:50 | 7132345283 | 2812516675 | 15 | unique builders |
| JUN-07-2014 | 10:39:32 | 2818882205 | 2812516675 | 16 | unique builders |
| JUN-11-2014 | 10:39:39 | 2818882205 | 2812516675 | 17 | unique builders |
| JUN-23-2014 | 16:43:40 | 2818882205 | 2812516675 | 18 | unique builders |